IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sueanne Keim,                                    :
                Petitioner                  :
                                                 :
        v.                                      :
                                                 :
UPMC Pinnacle Hospitals (Workers'                :
Compensation Appeal Board),                      :    No. 391 C.D. 2022
                Respondent                :    Submitted: September 9, 2022


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                        FILED:  December 12, 2022


        Sueanne Keim (Claimant) petitions this Court for review of the Workers' Compensation (WC) Appeal Board's (Board) March 22, 2022 order affirming the WC Judge's (WCJ) decision that denied Claimant's Claim Petition. Claimant presents one issue for this Court's review: whether the Board erred as a matter of law by holding that a medical-only Notice of Temporary Compensation Payable (NTCP) and medical expense payments made prior to the expiration of the statute of limitations does not toll the statute of limitations. After review, this Court affirms.

        On April 4, 2017, Claimant was injured while in the course and scope of her employment with UPMC Pinnacle Hospitals (Employer). On April 20, 2017, Employer issued a medical-only NTCP. On July 2, 2017, the NTCP converted to a Notice of Compensation Payable (NCP). On June 22, 2018, Employer filed an amended medical-only NCP. On April 5, 2021, Claimant filed the Claim Petition,

therein seeking partial disability benefits from April 4, 2017 through March 31, 2021, and total disability benefits from April 1, 2021 and ongoing. On August 18, 2021, the WCJ denied and dismissed the Claim Petition, finding that Employer's medical expense payments did not toll the statute of limitations and, therefore, the Claim Petition was time barred. Claimant appealed to the Board. On March 22, 2022, the Board affirmed the WCJ's decision. Claimant appealed to this Court.[1]

Claimant argues that the WCJ and Employer erroneously relied on *Sloane v. Workers' Compensation Appeal Board (Children's Hospital of Philadelphia)*, 124 A.3d 778 (Pa. Cmwlth. 2015), to conclude that the payment of medical expenses under a medical-only NCP does not toll the statute of limitations under Sections 315 and 413(a) of the WC Act (Act),[2] as that is not the correct conclusion for this set of facts, and it goes against the specific intent and wording of the Act.

Initially, Section 315 of the Act mandates, in relevant part:

> In cases of personal injury **all claims for compensation shall be forever barred**, **unless**, **within three years after the injury**, **the parties shall have agreed upon the compensation payable** under this article; **or** unless within three years after the injury, **one of the parties shall have filed a petition** as provided in article four hereof. . . . Where, however, payments of compensation have been made in any case, said limitations shall not take effect until the expiration of three years from the time of the making of the most recent payment prior to date of filing such petition[.]

77 P.S. § 602 (emphasis added).

---

[1] "[This Court's] review determines whether there has been a violation of constitutional rights, whether errors of law have been committed, whether [B]oard procedures were violated, or whether necessary findings of fact are supported by substantial evidence." *Bryn Mawr Landscaping Co. v. Workers' Comp. Appeal Bd. (Cruz-Tenorio)*, 219 A.3d 1244, 1252 n.5 (Pa. Cmwlth. 2019).

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 602, 772.

Section 413(a) of the Act provides, in pertinent part:

A [**WCJ**] designated by the [D]epartment [of Labor and Industry (Department)] **may**, **at any time**, **modify**, **reinstate**, suspend, or terminate **a**[**n**] [**NCP**], an original or supplemental agreement or an award of the [D]epartment or its [WCJ], **upon petition filed by either party** with the [D]epartment, upon proof that the disability of an injured employe has increased, decreased, recurred, or has temporarily or finally ceased, or that the status of any dependent has changed. Such modification, reinstatement, suspension, or termination shall be made as of the date upon which it is shown that the disability of the injured employe has increased, decreased, recurred, or has temporarily or finally ceased, or upon which it is shown that the status of any dependent has changed: Provided, That, . . . no [NCP], agreement or award shall be reviewed, or modified, or reinstated, unless a petition is filed with the [D]epartment within three years after the date of the most recent payment of compensation made prior to the filing of such petition.

77 P.S. § 772 (emphasis added).

The *Sloane* Court explained:

[T]he effect of issuing a medical-only NCP is distinct from the effect of a WCJ ruling that a claimant has suffered a loss of earning power and granting a claim petition but immediately suspending benefits. As this Court has explained, the Board created the medical-only option for NCPs in 2004 to allow an employer to accept liability for an injury but not any loss of earning power.

*Sloane*, 124 A.3d at 784 (citations omitted).

Concerning Section 413(a) of the Act, the *Sloane* Court expounded:

Under Section 413(a) [of the Act], a reinstatement petition must be filed "within three years after the date of the most recent payment of compensation made prior to the filing of such petition." 77 P.S. § 772. **The payment of medical benefits by an employer does not constitute "compensation" for the purposes of Section 413(a) [of the Act] that would act to toll the liability period**. *Westinghouse Elec*[.] *Corp./CBS v. Workers' Comp*[.]

3

> *Appeal B*[*d.*] *(Korach)*, . . . 883 A.2d 579, 591 ([Pa.] 2005)[.] . . . Since no disability compensation had been paid for the 2006 injury, [the c]laimant was required to establish an entitlement within [three] years of the date of the injury.

*Sloane*, 124 A.3d at 785 (emphasis added; citations omitted).

> Regarding Section 315 of the Act, the *Sloane* Court explicated:

> Section 315 [of the Act] also imposes a three-year limitations period, measured from the date of injury. 77 P.S. § 602. Unlike Section 413(a) [of the Act], **payments of medical expenses may toll [] Section 315 [of the Act's] limitations period where those payments were made "in lieu of" [WC] benefits**. *Korach*, 883 A.2d at 591[.] . . . The controlling question in this analysis is the intent of the employer, i.e.[,] whether the employer intended the payments for medical services to replace disability benefits.

*Sloane*, 124 A.3d at 785-86 (citations omitted).

Claimant asserts that, in this specific case, almost immediately upon being unable to work due to her accepted work injury, she sought indemnity benefits via the Claim Petition, only to be told she could not pursue such benefits. Claimant declares that if she had sought indemnity benefits before she was rendered unable to work, her Claim Petition would have been premature and not ripe for decision. Claimant proclaims that the *Sloane* decision creates a conflict of interest, such that employers and their insurers would be motivated to provide claimants sufficient work within their restrictions, and then leave them with no remedy after three years have passed.

Employer rejoins that *Sloane* and its progeny are controlling. Employer further retorts that there was no evidence presented, nor any findings of fact made, to establish that Employer intended its medical expense payments to substitute for disability compensation. Similarly, Employer maintains that there was no evidence presented, and no findings made, that Employer misled Claimant by only paying

4

medical benefits, that it intentionally or unintentionally deceived her, or that it somehow lulled her into a false sense of security sufficient to toll the statute of limitations.

This Court agrees with Employer. "Here, by issuing the medical-only NCP, Employer made its intent expressly clear that it would pay Claimant's medical expenses but accepted no liability for wage-loss benefits." *Sloane*, 124 A.3d at 786; *see also Dickerson v. Workers' Comp. Appeal Bd. (A Second Chance Inc.)*, 229 A.3d 27, 33 (Pa. Cmwlth. 2020) ("[The c]laimant has failed to show that [the e]mployer's payments of medical expenses qualified as payments in lieu of compensation . . . . [The c]laimant was not entitled to toll the statute of repose under Section 315 [of the Act]."); *Benyo v. Workers' Comp. Appeal Bd. (Hazle Twp. Supervisors)* (Pa. Cmwlth. No. 1694 C.D. 2018, filed Oct. 2. 2019), slip op. at 3 ("A claimant has three years from either the date-of-injury or the last payment of compensation to file a review petition or it is untimely. Where, as here, no disability compensation was paid, the date-of-injury controls." (Citations omitted.)).[3] Accordingly, the WCJ and the Board did not err by relying on *Sloane*.

For all of the above reasons, the Board's order is affirmed.

_____
ANNE E. COVEY, Judge

---

[3] Pennsylvania Rule of Appellate Procedure 126(b) provides: "[U]nreported memorandum opinion[s] of the Commonwealth Court filed after January 15, 2008," are "non-precedential decisions" and "may be cited for their persuasive value." Pa.R.A.P. 126(b). Section 414(a) of this Court's Internal Operating Procedures also states: "An unreported panel decision of this Court issued after January 15, 2008," may be cited "for its persuasive value, but not as binding precedent." 210 Pa. Code § 69.414(a). *Benyo* is cited for its persuasive value.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sueanne Keim,                    :
             Petitioner          :
                               :
       v.                         :
                               :
UPMC Pinnacle Hospitals (Workers'  :
Compensation Appeal Board),      :    No. 391 C.D. 2022
               Respondent     :

## O R D E R

AND NOW, this 12ᵗʰ day of December, 2022, the Workers' Compensation Appeal Board's March 22, 2022 order is affirmed.

 

_____
ANNE E. COVEY, Judge